IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCHNITA HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:22-cv-23-M-BN |
| CENLAR FEDERAL SAVINGS | § | |
| BANK and CITIMORTGAGE, INC., | § | |
| its/their successors and/or assigns, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. 636(b) and a standing order of reference from United States Senior District Judge Barbara M. G. Lynn. *See* Dkt. No. 2.

Defendants Cenlar Federal Savings Bank ("Cenlar") and CitiMortgage Inc., its/their successors and/or assigns ("CitiMortgage") have filed a Motion for Summary Judgment. *See* Dkt. No. 23. Plaintiff Schnita Hawkins filed an untimely response. *See* Dkt. No. 31. Defendants did not file a reply.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court grant Defendants' motion for summary judgment.

**Background**

This case concerns the loan servicing and attempted foreclosure of Hawkins's property in Dallas, Texas (the "Property"). Hawkins executed a note (the "Note")

payable to Associates First Capital Mortgage Corporation ("First Capital") on October 21, 1999. *See* Dkt. No. 10-2 at 1. Hawkins executed a deed of trust (the "Deed of Trust") that same day. *See id.* at 5. The Deed of Trust gave First Capital a security interest in the property. *See id.*

First Capital assigned the Note and the Deed of Trust (collectively the "Loan Agreement") to CitiMortgage on October 27, 2015. *See* Dkt. No. 24-4. Cenlar is the servicer of the Loan Agreement. *See* Dkt. No. 24-1.

Hawkins executed a Home Affordable Modification Agreement on January 12, 2017, modifying the terms of the Loan Agreement. *See* Dkt. No. 24-5. Hawkins later defaulted on the Loan Agreement. *See* Dkt. No. 24-6. On January 9, 2019, CitiMortgage sent Hawkins a notice of default, informing her that the loan was in default and that they would accelerate the loan if the default was not cured. *See id.* Counsel for CitiMortgage sent Hawkins a notice of acceleration and notice of substitute trustee's sale on March 8, 2019, setting a foreclosure sale for May 7, 2019. *See* Dkt. No. 24-10.

Hawkins filed for bankruptcy on May 6, 2019. *See* Dkt. No. 24-11. CitiMortgage filed a proof of claim in the case. *See* Dkt. No. 24-13. The case was dismissed on November 6, 2019. *See* Dkt. No. 24-14.

Hawkins filed for bankruptcy a second time on January 6, 2020. *See* Dkt. No. 24-15. CitiMortgage filed a proof of claim in the case. *See* Dkt. No. 24-17. The case was dismissed on July 31, 2020. *See* Dkt. No. 24-18.

Hawkins then applied for loss mitigation again, but, after she failed to submit a complete application, despite several requests from Cenlar for the missing documents, Cenlar denied the application. *See* Dkt. Nos. 24-7, 24-8, 24-9.

Counsel for CitiMortgage sent Hawkins another notice of acceleration and notice of substitute trustee's sale on October 20, 2021, setting a foreclosure sale for December 7, 2021. *See* Dkt. No. 24-10.

To prevent the sale of the Property, Hawkins filed suit in state court on December 3, 2021. *See* Dkt. No. 1-3.

Defendants removed to this Court on January 5, 2022. *See* Dkt. No. 1. Defendants then filed this motion for summary judgment. *See* Dkt. No. 23.

**Legal Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the

nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor,* 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL

2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Northern District of Texas Local Rule 56.4(a) requires a response to a motion for summary judgment to "state in reasonably concise terms why the responding party opposes the motion." Hawkins's response does not state her opposition to the motion or any reasons for that opposition. *See* Dkt. No. 31. And so it cannot serve as an effective response to Defendants' motion for summary judgment.

Hawkins's failure to effectively respond does not permit the Court to enter a "default" summary judgment. But the Court is permitted to accept Defendants' evidence as undisputed. See *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Hawkins's failure to effectively respond means that she has not designated specific facts showing that there is a genuine issue for trial on any of her claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Here, the pleadings are not verified, and so Hawkins has presented no summary judgment evidence, and, for that reason, too, the Court is allowed to accept Defendants' facts as

undisputed. See *Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-cv-809-L, 2012 WL 3013929, at *2 (N.D. Tex. July 20, 2012).

## Analysis

### I. Judicial estoppel does not apply here.

The Court should find that the doctrine of judicial estoppel does not apply in this case.

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (citation omitted). The purpose of this doctrine "is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 239 B.R. 372, 378 (N.D. Tex. 2003) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 372, 378 (5th Cir. 1999); internal quotation marks and brackets omitted). In the bankruptcy context, "judicial estoppels must be applied in such a way as to deter dishonest debtors whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Reed*, 650 F.3d at 574.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.*

Defendants argue that Hawkins "is judicially estopped from denying her prior default and the previous amounts of default," Dkt. No. 24 at 27, because she did not dispute them in her bankruptcy schedules. *See* Dkt. Nos. 24-12 & 24-16. It is true that "[s]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *In re Rollings*, 451 F. App'x 340, 348 (5th Cir. 2011) (quoting *In re Bohrer,* 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001)).

But Hawkins does not deny her prior default or the amount of her default in her claims. And Hawkins's claims do not depend on her denying these facts. Hawkins has not asserted a legal position that is plainly inconsistent with a prior position. And so judicial estoppel does not apply here.

## II. Defendants are entitled to summary judgment on the breach of contract claim.

The Court should grant Defendants' motion for summary judgment as to the breach of contract claim.

Under Texas law, to succeed on a breach of contract claim, the plaintiff must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Hawkins alleges in her petition that Defendants failed to fulfil their requirements under the terms of the loan documents and under the Texas Property Code. *See* Dkt. No. 10 at 9.

The Deed of Trust requires that the lender send the borrower a notice of default giving the borrower 30 days to cure the default before the lender accelerates the loan. *See* Dkt. No. 24-3 at ¶ 21. Texas Property Code § 51.002 requires that a mortgage servicer serve a debtor in default under a deed of trust with written notice of default and give the debtor at least 20 days to cure the default before the servicer can give a notice of sale. *See* TEX. PROP. CODE § 51.002(d).

Defendants' summary judgment evidence shows that, on January 9, 2019, CitiMortgage sent Hawkins a notice informing her that her loan was in default and giving her 35 days to cure her default or CitiMortgage would accelerate the loan. *See* Dkt. No. 24-6 at 4. This notice complies with the requirements of both the Deed of Trust and the Texas Property Code.

And so Hawkins has not shown a genuine issue of material fact as to whether Defendants breached the Loan Agreement.

### III. Defendants are entitled to summary judgment on the common law fraud claim.

The Court should grant Defendants' motion for summary judgment as to the common law fraud claim.

To state a claim for fraud under Texas law, "a plaintiff must sufficiently allege (1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "Rule 9(b) requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (cleaned up).

The Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (cleaned up; emphasis in original).

Hawkins asserts that

> [t]he acts conduct and/or omissions of Defendants Cenlar, and/or its/their various employees, agents or attorneys as described herein, *supra*, also constitute common law fraud and the misrepresentation of material facts that Plaintiff relied upon to her detriment, and which are the proximate cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court…. As each of the acts, conduct and/or omissions of Defendants Cenlar as described herein that constitute common law fraud were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an

>    award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

Dkt. No. 10 at 10.

Hawkins does not provide the misrepresentation on which she bases her fraud claim. She does not identify the speaker, state when or where the statement was made, or allege why the statement was fraudulent. Further, beyond the bare assertion that Defendants acted intentionally, knowingly, or with malice, Hawkins provides no information about Defendants' fraudulent intent. This is not enough to plead with particularity under Rule 9(b) and to show a genuine issue of material fact as to whether Defendants committed common law fraud.

## IV. Defendants are entitled to summary judgment on the Texas Debt Collection Act claim.

The Court should grant Defendants' motion for summary judgment on the Texas Debt Collection Act ("TDCA") claim.

"In order to state a claim under the TDCA, Plaintiff must show: (1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of Defendants' wrongful act." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013).

A consumer debt is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged

Case 3:22-cv-00023-M-BN   Document 33   Filed 08/01/23   Page 14 of 19   PageID 858

transaction." TEX. FIN. CODE § 392.001(2). A loan for a personal home fits this definition.

A debt collector is "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." TEX. FIN. CODE § 392.001(6). Mortgage servicers are debt collectors in the meaning of the TDCA. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013).

Hawkins argues that Defendants committed a wrongful act under Sections 392.301(a)(7), 392.301(a)(8), 392.304(a)(8), and 392.304(a)(19) of the TDCA. Specifically, she alleges that "failing, neglecting, or refusing to ever provide Plaintiff with the required Notice of Default and Opportunity to Cure notice as required under the express terms of the deed of trust and Texas Property Code § 51.002(d) prior to acceleration and posting of [her] homestead property for foreclosure sale" constitutes a wrongful act under these provisions. Dkt. No. 10 at 10.

Section 392.301(a)(7) prohibits "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings." TEX. FIN. CODE § 392.301(a)(7). But Defendants' exercise of nonjudicial foreclosure pursuant to the Deed of Trust does not require a court proceeding. "The right to a nonjudicial foreclosure, where it exists, is a contractual right memorialized within 'a deed of trust or other contract lien.'" *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 478 (5th Cir. 2015) (quoting TEX. PROP. CODE

-14-

§ 51.002(a)). "Section 392.301(a)(7) simply does not apply to non-judicial foreclosure." *Id.* at 477. Further, Section 392.301(b)(3) specifies that debt collectors are not prevented from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3). Finally, Defendant's summary judgment evidence shows that Defendants did provide Hawkins with a notice of default and opportunity to cure as required under the Deed of Trust and Texas Property Code § 51.002(d). *See* Dkt. No. 24-6 at 4. And so Defendants' attempt to foreclose on the Property was not in violation of Section 392.301(a)(7).

Section 392.301(a)(8) prohibits "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). But "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage." *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-01831-BF, 2012 WL 5987590 at *3 (N.D. Tex. Nov. 30, 2012). Hawkins has defaulted on her mortgage, a fact which she does not deny. *See* Dkt. No. 24-6. And Defendants' summary judgment evidence shows that Defendants did provide Hawkins with a notice of default and opportunity to cure as required under the Deed of Trust and Texas Property Code § 51.002(d). *See* Dkt. No. 24-6 at 4. And so Defendants' attempt to foreclose on the Property was not in violation of Section 392.301(a)(8).

Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt." TEX. FIN. CODE § 392.304(a)(8). Section 392.304(a)(19)

prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19).

To show a violation of Section 392.304(a)(8), a plaintiff must show that the defendant "made a misrepresentation that led her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted." *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 832 (5th Cir. 2015). "To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading." *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253 (5th Cir. 2013) (quotation marks omitted; emphasis in original).

Hawkins does not allege an affirmative statement that misrepresented the character, extent, or amount of her debt. Nor does she allege any other false representation or deceptive means.

And so Defendants' attempt to foreclose on the Property was not in violation of Section 392.304(a)(8) or Section 392.304(a)(19).

Hawkins has not shown a genuine issue of material fact as to whether Defendants violated the TDCA.

V.  **Defendants are entitled to summary judgment on the Real Estate Settlement Procedures Act and Regulation X claim.**

The Court should grant Defendants' motion for summary judgment as to the Real Estate Settlement Procedures Act ("RESPA") and Regulation X claim.

Regulation X restricts a mortgage servicer's ability to engage in dual tracking, or simultaneously evaluating a borrower's application for loss mitigation options and moving forward with foreclosure. *See* 12 C.F.R. § 1024.41. Federal courts have

recognized "a federal cause of action against a servicer for dual tracking" under Regulation X. *Wentzell v. JPMorgan Chase Bank, Nat. Ass 'n*, 627 F. App'x 314, 318 n.4 (5th Cir. 2015).

> Section 1024.41 provides that
>
> if a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale … a servicer shall … [e]valuate the borrower for all loss mitigation options available to the borrower; and … [p]rovide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program … if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal.

12 C.F.R. 1024.41(c).

"A servicer must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." 12 C.F.R. 1024.41(i).

Hawkins argues that Defendants violated RESPA and Regulation X by "confirming to Plaintiff in 2021 that [they] had received Plaintiff's complete loan modification application … and then subsequently "discarding" the application without any written [notice] … instead proceeding to continue with the foreclosure sale." Dkt. No. 10 at 12.

Defendants argue that a servicer need only comply with RESPA and Regulation X for a borrower's "first complete loss mitigation application." Dkt. No. 24 at 24. But this is only true so long as the borrower has been delinquent at all times since submitting that first complete application. *See* 12 C.F.R. 1024.41(i). Defendants do not argue that Hawkins failed to make any payments after her first loan modification agreement. And so Defendants are required to comply with RESPA and Regulation X for Hawkins's 2021 loss mitigation application.

But Defendants' summary judgment evidence shows that Hawkins did not complete her 2021 loss mitigation application. Cenlar sent Hawkins at least two letters requesting additional documents before denying her application for incompleteness. *See* Dkt. Nos. 24-7, 24-8, 24-9. RESPA and Regulation X only apply for a complete loss mitigation application. *See* 12 C.F.R. 1024.41(c).

And so Hawkins has not shown a genuine issue of material fact as to whether Defendants violated RESPA and Regulation X.

**VI.    Hawkins is not entitled to exemplary damages and attorneys' fees.**

Hawkins requests exemplary damages and attorneys' fees. But none of Hawkins's claims have been able to survive summary judgment.

A plaintiff is not entitled to exemplary damages or attorneys' fees if their claims cannot survive summary judgment. *See Chary v. Cent. Mortgage Co.*, No. 420CV00111ALMCAN, 2021 WL 1097601 at *8 (E.D. Tex. Feb. 25, 2021), rep. and rec. adopted, No. 4:20-CV-111, 2021 WL 1090744 (E.D. Tex. Mar. 22, 2021).

And so Hawkins is not entitled to exemplary damages or attorneys' fees.

### Recommendation

The Court should grant Defendants' motion for summary judgment and dismiss Plaintiff Schnita Hawkins's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE